UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re:<br><br>INTEGRATED FINANCIAL ASSOCIATES, INC.,<br><br>Debtor.<br><br>MUSTAPHA ASSI REVOCABLE LIVING TRUST DATED JUNE 23, 2003,<br><br>Plaintiff(s),<br><br>v.<br><br>INTEGRATED FINANCIAL ASSOCIATES, INC., et al.,<br><br>Defendant(s). | Case No. BK-S-11-13537-BTB<br>Chapter 11<br><br><br><br>Case No. 2:15-CV-276 JCM<br><br>ORDER |

Presently before the court is the bankruptcy appeal of *Mustapha Assi Revocable Living Trust Dated June 23, 2003 v. Integrated Financial Associates, Inc.*, case number 2:15-cv-00276-JCM. Appellant Mustapha Assi Revocable Living Trust Dated June 23, 2003 ("appellant") filed an opening brief. (Doc. # 11). Appellees Integrated Financial Services, Inc., Stephen Kalb, Kenneth L. Templeton and TPKT, LLC, (collectively "appellees") filed an answering brief in opposition, (doc. # 18), and appellant filed a reply brief, (doc. # 20).

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**I.     Background**

This appeal arises from a dispute over the award of attorney's fees and costs for an adversarial bankruptcy proceeding. This is the second appeal related to this case that has been submitted to the United States District Court for the District of Nevada.[1]

Appellant is Mustapha Assi Revocable Living Trust Dated June 23, 2003, ("Assi"). Appellees are Integrated Financial Services, Inc. ("debtor"), Stephen Kalb, Kenneth L. Templeton, and TKPT, LLC ("insiders"). The debtor was a hard-money lender that secured its loans with interests in real property. *In re Integrated Fin. Assocs., Inc.*, No. 2:14-CV-00098-APG, 2014 WL 5406729, at *1 (D. Nev. Oct. 20, 2014). It would then broker fractionalized interests in these loans to investors. *Id.* Assi purchased multiple interests in loans brokered by the debtor. *Id.* Insiders Kalb and Templeton were shareholders of the debtor, each with a thirty-three percent stake in the company.

The real estate market downturn caused the debtor to default on its obligations. *Id.* The debtor filed for bankruptcy protection on March 14, 2011. *Id.* After an investigation into certain claims of the insiders, an official unsecured creditors' committee moved for the bankruptcy court to agree to a proposed settlement. The settlement required the insiders to contribute $100,000 to cover the estate's administrative expenses, and, upon plan confirmation, paying fifteen percent of the allowed claims for all unsecured creditors. *Id.* In return, shares in the reorganized debtor would be issued to TPKT, LLC and the committee would release the insiders' claims. *Id.*

The bankruptcy court appointed an examiner, who opined that the settlement was not fair to the creditors. *Id.* at 2. Assi subsequently filed multiple proofs of claims, which it consolidated to one amended proof of claim for $5,573,046.38. *Id.* Assi raised tort-based misrepresentation claims, N.R.S. 645B claims and contract-based claims against the debtor and the insiders. The debtor objected to all but $759,235.32 of Assi's claims.[2] *Id.* As multiple creditors raised claims,

---

[1] For a more detailed background of the proceedings prior to the first remand order, *see In re Integrated Financial Associates, Inc.*, No. 2:14-CV-00098-APG, 2014 WL 5406729, at *1 (D. Nev. Oct. 20, 2014).

[2] The debtor conceded that it owed $759,235.32 plus interest under a promissory note held by Assi. *In re Integrated Fin. Assocs., Inc.*, 2014 WL 5406729, at *1.

James C. Mahan
U.S. District Judge

- 2 -

the bankruptcy court held a multi-day evidentiary hearing and heard closing arguments from interested parties. *Id.*

On October 9, 2013, the bankruptcy court set forth on the record its findings and rulings for the Assi claims. The court found that Assi did not present enough evidence to substantiate its misrepresentation claims or its contract claims. The court held that Assi did not properly raise chapter 645B claims, as there is no private right of action under the asserted statute. Further, the statute on which Assi relied was not in effect when Assi's claims arose. The bankruptcy court also confirmed the debtor's fourth amended plan of reorganization, which incorporated the insiders' settlement. The debtor and insiders then filed a motion for attorney's fees and costs.

On January 6, 2014, the bankruptcy court issued an order denying the debtor and insiders' motion for attorney's fees and costs. The debtor and insiders timely appealed, and the case was assigned to another court in this district. On appeal, Judge Gordon affirmed the decision of the lower court in part and remanded in part.[3] *In re Integrated Fin. Assocs., Inc.*, 2014 WL 5406729, at *1. Judge Gordon affirmed the denial of fees to the debtors and the insiders for the tort-based misrepresentation claims. *Id.* at 8. Judge Gordon also affirmed the denial of fees to the insiders for the contract-based claims. *Id.* at 7. Judge Gordon remanded three issues: (1) the denial of attorney's fees to the debtor for the contract-based claims, *id.*, (2) the denial of attorney's fees to the insiders and the debtor for the chapter 645B claims, *id.* at 8, and (3) the denial of costs to the insiders. *Id.* Judge Gordon asked the bankruptcy court to explain its rationale for denying the listed fees and costs.[4] *Id.*

On remand, the bankruptcy court asked the parties to submit cross-blind motions regarding the remanded issues. In addition to their motion, the debtor and insiders submitted declarations from counsel in support of the award of attorney's fees. (*See* doc. # 18-63) (Smith declaration);

---

[3] Judge Gordon also ruled that the court lacked jurisdiction over the award of costs to the debtor. The award of costs to the debtor is not within the scope of this appeal.

[4] The conclusion to Judge Gordon's opinion reads: "IT IS FURTHER ORDERED that this action is REMANDED to the bankruptcy court to further explain its decisions: (1) denying attorney's fees to the Debtor on the contract-based claims, (2) denying attorney's fees on the Chapter 645B claims, and (3) denying costs to the Insiders." *In re Integrated Fin. Assocs., Inc.*, 2014 WL 5406729, at *8.

**James C. Mahan**
**U.S. District Judge**

- 3 -

(doc. # 18-64) (Hart declaration). The bankruptcy court struck the Hart affidavit from the record, and allowed portions of the Smith affidavit, finding that each document attempted to improperly supplement the record. AER000428.

On December 15, 2014, the bankruptcy court held a hearing to explain its decisions on the remanded issues. The bankruptcy court awarded fees to the debtors for the contract-based claims ($32,182.00), fees to the insiders for the chapter 645B claims ($10,000.00), and costs to the insiders ($2,339.12). (Doc. # 18-74). This appeal followed.

## II.     Jurisdiction

The district court has jurisdiction over a bankruptcy appeal from the bankruptcy court's "final judgments, orders, or decrees." 28 U.S.C. § 158(a)(1), (3). "An order is final if it constitutes a complete adjudication of the issues at bar and clearly evidences the judge's intention that it be final." *In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007).

## III.    Standard of Review

Appellate courts review a bankruptcy court's award of attorney's fees for an abuse of discretion or erroneous application of the law. *In re Hoopai*, 581 F.3d 1090, 1095 (9th Cir. 2009). "A bankruptcy court abuses its discretion if it applies the law incorrectly or if it rests its decision on a clearly erroneous finding of a material fact." *In re Brotby*, 303 B.R. 177, 184 (9th Cir. BAP 2003). Conclusions of law are subject to de novo review. *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005). Factual findings are clearly erroneous only if the findings "leave the definite and firm conviction" that the bankruptcy court made a mistake. *Id.* (quotation omitted).

A reviewing court may affirm a bankruptcy court's decision "on any ground fairly supported by the record." *In re Warren*, 568 F.3d 1113, 1116 (9th Cir. 2009). However, the bankruptcy court must explain its reasons for granting or denying a motion for fees or costs to allow for meaningful appellate review. *See Liti v. C.I.R.*, 289 F.3d 1103, 1105 (9th Cir. 2002); *United Nat. Ins. Co. v. R & D Latex Corp.*, 141 F.3d 916, 919 (9th Cir. 1998), *as amended* (May 14, 1998).

. . .

. . .

James C. Mahan
U.S. District Judge

- 4 -

**IV.     Discussion**

*A. Scope of remand*

Appellants argue that the bankruptcy court went outside the scope of its mandate in awarding previously denied fees and costs to the debtors and insiders. Appellees argue that the mandate did not explicitly preclude the bankruptcy court from awarding fees.

Lower courts cannot vary or examine a mandate for purposes other than its execution. *Hall v. City of L.A.*, 697 F.3d 1059, 1067 (9th Cir. 2012). "At the same time, the rule of mandate allows a lower court to decide anything not foreclosed by the mandate." *Id.* In other words, it "leaves to the [lower] court any issue not expressly or impliedly disposed of on appeal." *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986) (citation omitted).

Here, Judge Gordon affirmed the bankruptcy court's decision in part and remanded the case on certain issues. Judge Gordon stated that the "court did not provide adequate explanation to allow for meaningful appellate review" of denial of fees to the debtors for the contract claims, denial of fees to the debtors and the insiders for the Chapter 645B claims, and denial of costs to the insiders.

Taken literally, the words of his mandate ask the bankruptcy court only "to further explain its decisions." When read in context, Judge Gordon expressed an inability, given the explanation before him, to pass judgment on the lower court's decision. Judge Gordon did not expressly or impliedly dispose of those issues on appeal.[5] Therefore, the appropriate lens through which to consider the bankruptcy court's decision on remand focuses on the law of the case.

"The law of the case doctrine, a judicial invention, aims to promote the efficient operation of the courts." *Hall*, 697 F.3d at 1067 (citation omitted). "Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in

---

[5] Further, the spirit of the mandate suggests that the bankruptcy court should review its decision for accuracy. It is not in the interest of judicial economy to remand the case to the bankruptcy court asking for explanations for the denial of fees and costs, and concurrently hamstring the bankruptcy court to its prior decisions. If the bankruptcy court found that it could not provide an explanation for its decisions, appellants reading of the mandate would force the court to abide by its prior ruling only to get overturned on appeal. This straightjacket theory of Judge Gordon's mandate serves no tangible benefit to the parties or the judicial system.

**James C. Mahan**
**U.S. District Judge**

- 5 -

the identical case." *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990).

"Application of the [law of the case] doctrine is discretionary." *Hall*, 697 F.3d at 1067. On appeal, this court reviews for abuse of discretion a lower court's "decision to depart from the principle of finality." *Milgard*, 902 F.2d at 715. "A [trial] court properly exercises its discretion to reconsider an issue previously decided in only three instances: (1) the first decision was clearly erroneous and would result in manifest injustice; (2) an intervening change in the law has occurred; or (3) the evidence on remand was substantially different." *Id.* (citing *Eichman v. Fotomat Corp.*, 880 F.2d 149,157 (9th. Cir. 1989)).

It was not an abuse of discretion for the bankruptcy judge to award fees and costs on remand after a previous denial. Language in the bankruptcy court's original opinion suggests that there were fees and costs, but they were "minimal." Because it had previously acknowledged the existence of fees and costs, the court could reasonably have found, on remand, that the decision not to award certain fees and costs was clearly erroneous. Therefore, the bankruptcy court did not abuse its discretion in altering its final judgment to award fees to the debtors and insiders and costs to the insiders.

Further, allowing the lower court to award fees and costs on remand promotes the efficient operation of the court system. If, on reconsideration, the lower court finds that its first decision was clearly erroneous and without evidentiary support, there is no efficiency to be had by binding the court to its prior ruling only to subject it to reversal on appeal, followed by another remand. Judicial economy favors the discretion exerted by the bankruptcy court.

*B. The amount of fees and costs awarded*

Appellants contend that regardless of whether the bankruptcy court had the authority to award previously denied attorney's fees and costs on remand, that the amount awarded was an abuse of discretion. Appellees argue that there is substantial evidence on the record to support the findings of the bankruptcy court, and thus the court did not abuse its discretion.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

In Nevada, a court may award attorney's fees as a cost of litigation under a fee shifting statute or agreement as opposed to an element of damages only if an agreement, statute or rule authorizes such an award. *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 547 (Nev. 2005) (citing *Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n*, 35 P.3d 964 (Nev. 2001) (per curiam), *receded from on different grounds by Horgan v. Felton*, 170 P.3d 982 (Nev. 2007)). NRS §§ 18.010(1) and 18.010(4) authorize the award of attorney's fees to the prevailing party when provided for in a written agreement. NRS § 18.010(2)(b) authorizes the award of attorney's fees to the prevailing party "when the court finds that a claim . . . was brought or maintained without reasonable ground or to harass the prevailing party."

"The method for determining reasonable attorney's fees in Nevada is not limited to one specific approach, but its analysis must begin with a method rationally designed to calculate a reasonable amount as tempered by reason and fairness." *In re Dinan*, 448 B.R. 775, 787 (9th Cir. BAP 2001) (citing *Shuette*, 124 P.3d at 548–49) (footnote omitted). "[W]hichever method the court ultimately uses, the result will prove reasonable as long as the court provides sufficient reasoning and findings in support of its ultimate determination." *Id.*; *see also Liti v. C.I.R.*, 289 F.3d 1103, 1105 (9th Cir. 2002) ("Although we could review the record and speculate on which reasons the court below found persuasive, doing so would merely substitute our reasons for those of the [lower court]. Our duty is to review the reasonableness of the [lower court's] reasoning, not try to divine its nature or substance.").

*i. Awarding attorney's fees to the debtors for the contract claims*

Appellant primarily argues that the record lacked sufficient evidence for the bankruptcy court to award fees to the debtor for the contract-based claims. Appellees argue that the record contained sufficient evidence for the bankruptcy court to award fees to the debtor for the contract-based claims.

On remand, the bankruptcy court held a hearing to explain its decision on fees and costs. At the hearing, the court went line-by-line through the debtor's attorney's fee request spreadsheet. The court detailed in a methodical fashion whether it would allow each line and why its findings supported each decision. The court also described its method of apportionment when a line

included work that could not be attributed solely to defense of the appellant's claims. The court stated that the "rates were reasonable and that -- to the extent the time was compensable, it was reasonable." (Doc. # 18-58 at 7). On its face, this is a sound process for awarding attorney's fees.

Appellant argues that the court improperly used the revised declarations when awarding fees to the debtor. The court used the revised declarations and revised application to devise its order, but only as a guide to untangle the mess of the original application. The court made clear that its "comments [were] based upon, in essence, the original application as opposed to the amended," and the record contains examples of the court's rejection of the amended application in favor of the former. (*See, e.g.*, doc. # 18-58 at 10) ("I'll only allow half because the original -- because it does say work on Assi and Bona.").

Appellant argues that the bankruptcy court could not have properly found that certain lines containing "lumped costs" could be attributed to the defense of appellant's claims. The bankruptcy court explained on the record the way it would allocate fees for each of the lumped claims, and each explanation is rooted in the bankruptcy court's understanding of the case. The bankruptcy court did not abuse its discretion when parsing the "lumped costs." This court upholds the findings of the bankruptcy court.

Insofar as the appellants argue that the bankruptcy court erred in its application of the law, evidence of error appears nowhere on the record. The court allowed entries directly related to claims administration where time was spent on the contract-based claims. At the hearing, appellants counsel expressed concern the court was allowing fees related to defense of the tort-based claims, which was barred by the appellate mandate. The court confirmed that it was allowing only fees related to the contract-based claims:

> Well, the things that I have allowed -- keep in mind that the tort-based claims didn't really arise until later, I believe it was August. And all this work was on the initial objections to claim which were more based in breach of contract stated. So while your point would be well taken if we were looking at the case as a whole, all this work was done early on because basically all I've allowed -- all I've allowed after May is clerical, quite frankly, and attendance at some hearings.

(Doc. # 18-58 at 15).

Appellant accurately states that many of the lines included in debtor's request for attorney's fees were unrecoverable, such as those relating to plan confirmation or other proceedings. The bankruptcy court disallowed these lines.[6] As the bankruptcy court did not abuse its discretion or inaccurately apply the law when awarding attorney's fees to the debtors for the contract-based claims, this court affirms the decision of the bankruptcy court.

*ii. Awarding attorney's fees to the insiders for the chapter 645 claims*

Appellant argues that the record lacked sufficient evidence for the bankruptcy court to award $10,000 to the insiders for the chapter 645 claims. Appellant's argument is twofold: (1) the insiders could not be awarded fees because they did not provide an itemization and description of work; and (2) that appellant did not raise any chapter 645B claims.

Appellant's argument that it did not assert any chapter 645B claims is a non-starter. On remand, the bankruptcy court specifically rejected this argument and chastised appellants for their passive-aggressive litigation tactics relating to the chapter 645B claims. Further, the court found that the 645B claims lacked merit. Contrary to appellant's assertion, the bankruptcy court could have awarded attorney's fees to the insiders under NRS § 18.010(2)(b) because appellant raised frivolous claims and the insiders incurred attorney's fees in defending such claims.

Appellant argues that the district court could not award fees because the insider's attorneys did not provide the required itemization and description of the work performed. Appellant cites to the District of Nevada Bankruptcy Court local rule 7054.[7] This rule, titled "Costs—Taxation/Payment," adopts District of Nevada local rules 54-1 to 54-14. The related District of Nevada local rules govern the awarding of costs, not attorney's fees. *See* D. Nev. LR 54-1 to 54-14.

The District of Nevada local rule governing attorney's fees is local rule 54-16. However, the District of Nevada Bankruptcy Court does not adopt 54-16 in its local rules. Without an express

---

[6] Appellants do not point to a single line that the bankruptcy court improperly allowed which contained an unrecoverable fee.

[7] The bankruptcy court also cited District of Nevada Bankruptcy Court local rule 7054, stating that "unless otherwise ruled by the court, a motion [for attorney's fees] must include a reasonable itemization and description of the work performed."AER000434. This court does not adopt the same reading of local rule 7054.

**James C. Mahan**
**U.S. District Judge**

- 9 -

adoption of 54-16, the bankruptcy court is not obligated to follow its requirements when awarding attorney's fees. *See* Bankruptcy Court LR 1001(b)(2) ("Except for those matters contained in Part IA of the Local Rules of Practice for the United States District Court for the District of Nevada, no other local rules apply unless they are specifically adopted by reference in these bankruptcy local rules."). Further, Federal Rule of Bankruptcy Procedure Rule 7054, which governs attorney's fees, adopts Federal Rule of Civil Procedure Rule 54. Neither rule requires an itemization of costs.

Appellant's specific attacks on the bankruptcy court's ruling miss the mark, but they call attention to a confusing section of the bankruptcy court proceedings. The bankruptcy court began its discussion of the insider's request for fees related to the 645B claims with a rejection of the insiders' application for fees.[8] (*See* doc. # 18-58 at 7) ("[I]t must be noted that Mr. Hart failed to provide any meaningful itemization of his fees. . . . [E]ven if the court was not faced with deciding which fees, if any, related to the various cause [sic] of action, his application fails for its lack of support."). But on the next page of the transcript, the court awards fees for the 645B claims, albeit in puzzling fashion:

> [T]he trust referred to the 645 in its post-trial brief. However, the insiders made short shrift of [the 645B] allegations with the basic proposition that they were not applicable. To the extent that the minimal [time spent on the 645B allegations] should be monetized, because of this work, I would allow $10,000 for those portions of the brief.

*Id.* at 8.

The only explanation given by the bankruptcy court in support of the fee award is the court's consideration of the post-trial brief. The entirety of that consideration is excerpted above. Unlike the detailed line-by-line description of the debtor's request for attorney's fees related to the contract-based claims, the bankruptcy court's ephemeral explanation supporting the award of 645B fees is not a reasonable method for awarding attorney's fees.

---

[8] Importantly, the first appellate decision foreclosed the award of attorney's fees to the insiders for the contract and tort-based claims. Therefore, in rejecting the insiders' fee application, the bankruptcy court was looking at how the application impacted the award of attorney's fees for the 645B claims.

**James C. Mahan**
**U.S. District Judge**

- 10 -

The bankruptcy court described its estimation of the time that the insiders spent briefing the 645B claims as "minimal." (Doc. #18-58 at 8). It is not within the capacity of this court to look to appellees' brief alone and divine the lower court's method for calculating $10,000.00 of allowable fees.

Appellants accurately assert that the decision of a lower court may be upheld "on any ground fairly supported by the record." *In re Warren*, 568 F.3d 1113, 1116 (9th Cir. 2009). This court will therefore consider whether there is sufficient evidence on the record to uphold the decision of the bankruptcy court.

In their brief to this court, appellees rely on the Hart declaration attached to their brief. (*See* doc. # 18-64). The declaration is not dated by Mr. Hart, but has a stamp indicating it was electronically filed on December 8, 2014. (*Id.*). Appellees argue that (1) this document was provided to support the original award of attorney's fees, on which hearing was held on December 18, 2013, and (2) that this declaration was not the subject of appellant's motion to strike, which specifically references documents filed on December 8, 2014. *See* (doc. # 18 at 17 n.6) ("[The Hart Declaration at APP002890] was the declaration submitted with the First Fees Motion, which was not the subject of Appellant's motion to strike."); (doc. # 18-64) (The Hart Declaration, filed on December 8, 2014); AER000417 (appellant's motion to strike). This argument is untenable. Therefore, as the bankruptcy court struck the referenced declaration from the record, this court will not consider it on appeal.

Although appellees failed to attach the original Hart declaration to their brief, appellant did not. *See* AER000202. As the bankruptcy court noted, the two declarations are vastly different. Not surprisingly, the amended application, which appellees reference in their brief, is full of references to 645B claims and related costs. The original declaration contains a single 645B reference in Mr. Hart's four pages of discussion. AER000206 ("The Insiders researched all the various claims raised by Mr. Assi, including his claims under Nevada Revised Statutes Chapter 645B."). The original declaration does not provide this court with sufficient evidence to determine which costs, if any, were incurred for the 645B section of the post-trial brief. Further, the court stated that "Mr. Hart failed to provide any meaningful itemization of his fees." (Doc. #18-58 at 7). This court

**James C. Mahan**
**U.S. District Judge**

- 11 -

cannot find, and appellees do not point to, any other evidence on record that tends to substantiate the award.

Appellees' brief correctly states the law as it governs attorney's fees. However, appellees' brief does no more than hypothesize as to why the judge determined that $10,000.00 should be awarded to the insiders for the 645B claims. Appellees cite the factors listed in *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349 (1969), which are appropriate in this instance. However, appellees do not show that the bankruptcy court considered these factors.[9] This court was not directed to and has not found enough admissible evidence to consider in the first instance whether the award of $10,000.00 to the insiders for defense of the 645B claims was reasonable under *Brunzell*.

Without a reasoned explanation from the bankruptcy court as to why $10,000.00 was an appropriate number, this court cannot review the award for abuse of discretion. *See United Nat. Ins. Co. v. R & D Latex Corp.*, 141 F.3d 916, 919 (9th Cir. 1998), *as amended* (May 14, 1998) ("[T]he lack of any reasoning or explanation whatsoever by the district court in support of its decision forecloses any meaningful appellate review for abuse of discretion."). This court vacates the award of attorney's fees to the insiders for the chapter 645B claims. Further, the court remands the issue to the bankruptcy court so that it may issue a ruling accompanied by a statement of reasons.

### iii. Awarding costs to the insiders

Appellant's issues to be presented on appeal does not include the bankruptcy court's award of costs to the insiders beyond the general assertion that, given the mandate's language, reconsideration of the first order was improper. This court has already affirmed the decision of the bankruptcy court to reconsider its denial of attorney's fees and costs. Further, neither party specifically argues the merits of the bankruptcy court's decision to award costs to the insiders in their briefings to this court. Therefore, this court affirms the bankruptcy court's decision to award costs to the insiders.

---

[9] Again, a passing reference to the post-trial brief does not suffice.

### V. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the bankruptcy court is AFFIRMED in part and VACATED in part, consistent with the foregoing. The award of attorney's fees to the debtors for the contracts claim is AFFIRMED. The award of attorney's fees to the insiders is VACATED. The award of costs to the insiders is AFFIRMED.

The case is hereby REMANDED to the bankruptcy court to continue proceedings and enter judgment, consistent with the foregoing.

DATED August 7, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 13 -